IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINUS RAPIEN,

        Plaintiff,                    No. CIV S-05-0090 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.               ORDER
_____/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////
/////
/////
/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated June 24, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of hypertension, obesity, low back strain, residuals status post knee surgery, obstruction sleep apnea and moderate to severe mitral valve insufficiency, but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff has the residual functional capacity to lift and carry twenty pounds occasionally, ten pounds frequently, with standing and walking limited to two hours total on a non-continuous basis and all postural

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1  activities limited to occasional with crouching, crawling, kneeling and stooping precluded;
2  plaintiff can perform his past relevant work as a clerk-typist; and plaintiff is not disabled.
3  Administrative Transcript ("AT") 272-273.  Plaintiff contends the ALJ improperly rejected the
4  opinion of a treating physician and in so doing, failed to consider a closed period of disability and
5  improperly discredited plaintiff's subjective complaints.
6  II.  Standard of Review
7         The court reviews the Commissioner's decision to determine whether (1) it is
8  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
9  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
10 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
11 Substantial evidence means more than a mere scintilla of evidence, but less than a
12 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
14 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
15 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
16 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
17 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
18 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
19 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
20 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
21 substantial evidence supports the administrative findings, or if there is conflicting evidence
22 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
23 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
24 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
25 1335, 1338 (9th Cir. 1988).
26 /////

III. <u>Analysis</u>

    A. Treating Physician's Opinion

        Plaintiff contends the ALJ improperly assessed the opinion of treating physician Dr. Will and that because proper weight was not accorded to this physician's opinion, the ALJ failed to properly consider whether plaintiff was disabled during a closed period. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id</u>.; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

        To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. <u>Lester</u>, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. <u>Lester</u>, 81 F.3d at 831.

/////

Plaintiff alleged his disability began on June 1, 1997. AT 205, 263. The ALJ found that plaintiff was not disabled at any time from the alleged onset of disability through the date of the ALJ's decision on June 24, 2004. AT 272. Plaintiff's treating physician, Dr. Will, opined on a form dated June 26, 2000, that plaintiff was limited in walking to less than one hour, standing to one to two hours and sitting to two to four hours. AT 163. No actual medical findings were cited in support of this assessment. Dr. Will also opined plaintiff could not perform sedentary work because plaintiff could not sit 6-8 hours due to peripheral edema and morbid obesity. AT 164. The ALJ rejected Dr. Will's opinion regarding sitting limitations on the basis Dr. Will saw plaintiff only once, no examination was performed, and the opinion was based on plaintiff's subjective complaints. AT 270. While plaintiff is correct that Dr. Will saw plaintiff twice and apparently received reports from other physicians regarding plaintiff's condition, the court finds the ALJ's misstatement to be harmless error. AT 352, 354, 361, 362, 363; see Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of Social Security cases).[2] On the January 6, 2000 visit, under the objective portion of the doctor's note, Dr. Will indicated only that a lab was reviewed, the results were normal, and that plaintiff was positive for sleep apnea. AT 363. In the February 16, 2000 note, the doctor noted objectively only that a chest x-ray showed increased cardiac size. AT 361. No other findings from an objective examination were noted by the doctor. Thus, the ALJ's conclusion that Dr. Will, in formulating her opinion, performed no examination and relied on plaintiff's subjective complaints, which as discussed below were properly discredited, is rational and supported by the record.

---

[2] The error may have occurred because duplicate records were submitted that are not exact copies. The ALJ noted duplicate records were submitted. AT 264. The chart note from the February 16, 2000 visit in the records originally submitted is unsigned and there is no indication that plaintiff was seen by Dr. Will on that date. AT 134. However, the chart note from the same date contained in the later-submitted duplicate records contain additional notes from the doctor, are signed, and stamped with the physician's name and license number. AT 361.

Plaintiff contends that in rejecting Dr. Will's opinion, the ALJ failed to appropriately consider whether plaintiff was disabled for a closed period in the earlier part of the time period under consideration because his physical condition had improved in the latter part of the period due to weight loss.  As demonstrated by the ALJ's thorough discussion of the entire record both before and after Dr. Will's opinion, the medical evidence does not support the extreme limitations found by Dr. Will in the year 2000.  AT 269-270.  Consultative examiner Dr. Sharma, in September 1999, assessed no sitting limitations.  AT 107.  Plaintiff's weight at that time was 378 pounds.  AT 105.  Similarly, no sitting limitations were assessed by the state agency physicians in 1999.  AT 111, 119.  Plaintiff weighed 350+ pounds on January 6, 2000 when seen by Dr. Will.  AT 363.  In September 2002, plaintiff weighed 350 pounds; no sitting limitations were assessed by consultative examiner Dr. Selcon at that time.  AT 373, 375.  In August 2003, when examined by consultative physician Dr. Wiggers, who found plaintiff could sit without restriction,[3] plaintiff weighed 313 pounds.  AT 305, 307.  Dr. Wiggers also recorded plaintiff's report that he could sit for most of the day.  AT 304.  Despite plaintiff's weight loss, plaintiff testified to similar problems in sitting at both the hearings in 2000 and 2003.  AT 30, 394.  In light of the entire record, there was no error in the ALJ's rejection of Dr. Will's opinion and in failing to find plaintiff was disabled for a closed period in the earlier part of the time period under consideration.

B.  Credibility

Plaintiff also contends the ALJ improperly discredited his subjective complaints.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

---

[3] Dr. Wiggers noted trace pretibial edema but did not limit plaintiff's sitting based on this finding.  AT 307.

Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified he had problems with his knee and back pain, limitations in sitting, standing and walking, shortness of breath, and fatigue. AT 29-30, 35, 36, 393, 396. The ALJ found plaintiff less than fully credible. AT 269-270, 272. In doing so, the ALJ noted the

inconsistencies between the extreme limitations testified to by plaintiff and the less severe symptoms reported to treating physicians. AT 127 (low back pain on and off), 156 (only medical problem reported was hypertension controlled with medication; some fatigue reported prior to use of C-PAP machine), 165 (no pain reported), 338 (plaintiff reports feeling fine), 344 (no problems reported by plaintiff). The ALJ also noted the consultative examiners found no significant restrictions in range of motion or tenderness on palpation and no evidence of muscle spasms. AT 270, 306-307, 374-375. The ALJ also factored into the credibility analysis plaintiff's conservative pain treatment, which consisted of over the counter pain medication. AT 95 (no pain medication), 130, 133, 224, 229, 271, 304. The ALJ also considered plaintiff's activities of daily living including housework and cooking. AT 271, 304, 373. The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 30, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006/rapien.ss